IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CR-05-H
No. 7:12-CV-156-H

DONALD HEATH SCOTT,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

This matter is before the court on the government's motion to dismiss [D.E. #72] in response to petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [D.E. ## 53, 57, 68, 77, 84][1] and petitioner's motions for discovery materials [D.E. #75] and service of response [D.E. #85]. Petitioner has filed a reply, and these matters are ripe for adjudication.

## **BACKGROUND**

On March 16, 2009, petitioner waived indictment and pled guilty, pursuant to a written plea agreement, to a two-count criminal information charging: (1) conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21

---

[1] In deference to petitioner's pro se status, this court has incorporated each of these filings by petitioner into his motion to vacate pursuant to 28 U.S.C. § 2255 for its review.

1

U.S.C. § 846; and (2) possession of firearms and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(8).

On November 10, 2009, petitioner was sentenced to concurrent terms of imprisonment of 121 months on count one and 120 months on count two. At an unknown time following petitioner's sentencing, his counsel, Lyle J. Yurko, disappeared and has not yet been located. Petitioner claims he attempted to contact Mr. Yurko repeatedly after his judgment was entered. Petitioner, however, did not file a timely appeal; therefore, his judgment became final on "the date upon which [petitioner] declined to pursue further direct appellate review." United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001).

In or about July 2010, S. Frederick Winiker, III, was appointed trustee for the law practice of Mr. Yurko by the Superior Court of North Carolina in Mecklenburg County. Mr. Winiker posted public notice that any client files of Mr. Yurko, which were not picked up by July 26, 2010, would be destroyed. On August 18, 2010, petitioner submitted a letter to the United States Court of Appeals for the Fourth Circuit, in which he stated, in part: "My family and myself have repeatedly attempted to contact Mr. Yurko, unfortunately, we have been told his office is 'closed.'" The Court of Appeals received and filed this letter on August 24, 2010. On September 1, 2010, the Court of Appeals sent a notice to the petitioner and this court

2

stating that petitioner's letter was received and construed as a notice of appeal. This notice was received and filed in this court on September 7, 2010.

An attorney was appointed to represent petitioner on appeal. The government filed a motion to dismiss the appeal as untimely, which the Court of Appeals granted on May 18, 2011. In this order, the Court of Appeals stated in a footnote: "Scott's claim that his attorney failed to file a notice of appeal after being directed to do so must be brought in a 28 U.S.C.A. § 2255 (West Supp. 2010) motion, in order to allow for the adequate development of the record." [D.E. #50].

On May 31, 2012, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255. Pursuant to this court's order, petitioner re-filed his motion to vacate on the correct form on June 25, 2012. On February 13, 2013, this court issued an order granting petitioner 45 days to supplement his response to the government's motion to dismiss by alerting the court to any factors that may justify equitable tolling. Both the petitioner and government filed responses to the court's order.

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

3

> A 1-year limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f).

Petitioner's 28 U.S.C. § 2255 motion was not filed within one year of his judgment becoming final. Therefore, petitioner's motion was not filed within the statutory period set forth in section 2255(f)(1). Petitioner does not allege sufficient facts to warrant a finding under section 2255(f)(2) that the government created an impediment to his filing. Petitioner contends that recent decisions such as United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and Alleyne v. United States, 133 S. Ct. 2151 (2013), provide a sufficient basis to extend the limitations period pursuant to 28 U.S.C.

4

§ 2255(f)(3). Alleyne does not apply retroactively to cases on collateral review. Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); Clay v. United States, 4:04-CR-65-H (E.D.N.C. May 6, 2014). Although relief pursuant to Simmons has been held to be retroactively available, See Miller v. United States, 735 F.3d 141, 145, 146 (4th Cir. 2013), it is not a Supreme Court decision and is therefore insufficient to support an extension of the limitations period pursuant to 28 U.S.C. § 2255(f)(3). In any event, petitioner did not have any prior felony conviction when he was sentenced in the instant case. Therefore, Simmons does not apply, and petitioner's motion was not filed within the statute of limitations period set forth in 28 U.S.C. § 2255(f).

However, the statute of limitations period for section 2255 motions is subject to equitable tolling. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000). An otherwise time-barred petitioner is entitled to equitable tolling in "those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation against the party." Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)). In order for equitable tolling to apply, petitioner must demonstrate that (1) he has been pursuing his rights diligently, and (2) extraordinary circumstances stood in his way and prevented him from timely filing. Holland v.

5

Florida, 130 S.Ct. 2549, 2562 (2010); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Although the disappearance of petitioner's counsel post-sentencing may constitute extraordinary circumstances, petitioner has not alleged sufficient facts showing he has been pursuing his rights diligently. In its order dismissing petitioner's appeal on May 18, 2011, the Court of Appeals notified petitioner that his claim must be brought in a 28 U.S.C. § 2255 motion to allow for adequate development of the record. Instead of promptly heeding this instruction, petitioner filed the instant 28 U.S.C. § 2255 motion over one year after the Court of Appeals notified petitioner of his proper course.

Had petitioner promptly filed a 28 U.S.C. § 2255 motion after receiving the instruction from the Court of Appeals, equitable tolling may have been justified. See, e.g., Holland v. Florida, 560 U.S. 631 (2010) (Equitable tolling was justified when petitioner promptly filed a 28 U.S.C. § 2255 motion on the same day he discovered his counsel had failed to file and the time for filing had expired.). Considering all the facts and circumstances, the court finds equitable tolling is not warranted in the instant case. Therefore, petitioner's motion is dismissed as untimely filed.

**CONCLUSION**

For the foregoing reasons, the government's motion to dismiss [D.E. #72] is GRANTED, petitioner's section 2255 motion [D.E. ## 53, 57, 68, 77, 84] is DISMISSED, and his motions for discovery materials [D.E. #75] and service of response [D.E. #85] are DENIED AS MOOT. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this Court's dismissal of petitioner's § 2255 motion debatable. Therefore, a certificate of appealability is DENIED.

This 12th day of May 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34

7